```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MONIQUE CLARKE,                    :
                                   :    10 Civ. 6330 (DAB)
                    Plaintiff,     :
     - against -                   :    REQUESTS TO CHARGE
                                   :
                                   :
DET. JOSEPH A. CASTRO              :
et al.,                            :
                                   :
                    Defendants.    :
----------------------------------X
```

## PREPONDERANCE OF EVIDENCE

IN DETERMINING IF A CLAIM HAS BEEN PROVEN, YOU ALSO HAVE TO CONSIDER WHO HAS THE BURDEN OF PROOF WITH REGARD TO THAT CLAIM.  WHEN A PARTY HAS THE BURDEN OF PROOF ON ANY CLAIM BY A PREPONDERANCE OF THE EVIDENCE, IT MEANS YOU MUST BE PERSUADED BY THE EVIDENCE THAT THE CLAIM IS MORE PROBABLY TRUE THAN NOT TRUE.  YOU SHOULD BASE YOUR DECISION ON ALL OF THE EVIDENCE, REGARDLESS OF WHICH PARTY PRESENTED IT.

IN THIS CASE, PLAINTIFF, MONIQUE CLARKE, HAS THE BURDEN OF PROOF ON ALL ISSUES EXCEPT THE PRESENCE OF PROBABLE CAUSE.  ACCORDINGLY,

HE MUST PROVE EVERY ESSENTIAL ELEMENT OF HER CLAIM BY A PREPONDERANCE OF THE EVIDENCE.  THE DEFENDANTS, HOWEVER, MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF.  IF, AFTER CONSIDERING ALL OF THE TESTIMONY, YOU ARE SATISFIED THAT PLAINTIFF HAS CARRIED HER BURDEN ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR PLAINTIFF ON HER CLAIMS.

MS. CLARKE MUST PROVE THAT DEFENDANTS FORWARDED FALSE INFORMATION TO THE PROSECUTOR IN CONNECTION WITH THE HER PROSECUTION. DEFENDANTS MUST PROVE THAT THERE WAS PROBABLE CAUSE TO ARREST MS. CLARKE.  IT IS OFTEN SAID THAT EVIDENCE IS TO BE WEIGHED ON SCALES, AND IF YOU FIND THAT THE EVIDENCE ON ANY ISSUES OF FACT WEIGHS EQUALLY IN FAVOR OF PLAINTIFF AND DEFENDANTS, THEN THE PARTY BEARING THE BURDEN OF PROOF WOULD HAVE FAILED ITS BURDEN OF PROVING THE CASE AS TO THAT ISSUE.  IF THE SCALES TIP, HOWEVER SLIGHTLY, TOWARD PLAINTIFF, THAT WOULD CONSTITUTE A PREPONDERANCE OF THE EVIDENCE AND WOULD SATISFY

THE LEGAL BURDEN OF PROOF.  IF YOU FIND THAT THE EVIDENCE ON ANY ISSUE OF FACT WEIGHS EQUALLY IN THE FAVOR OF PLAINTIFF AND DEFENDANT, THAT IS, THAT THE SCALES ARE EVENLY BALANCED, THEN PLAINTIFF WOULD HAVE FAILED IN HER BURDEN OF PROVING THE CASE AS TO THAT ITEM AND YOU SHOULD FIND FOR THE DEFENDANT.  IF, AFTER CONSIDERING ALL OF THE EVIDENCE IN THIS CASE, YOU ARE SATISFIED THAT PLAINTIFF HAS CARRIED HER BURDEN, HOWEVER SLIGHTLY, THEN YOU SHOULD FIND FOR PLAINTIFF.

IN DECIDING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, AND ALL EXHIBITS RECEIVED IN EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE DOES NOT MEAN THE GREATER NUMBER OF WITNESSES OR THE GREATER LENGTH OF TIME TAKEN.  IT REFERS TO THE QUALITY OF THE EVIDENCE AS YOU REGARD IT, THE WEIGHT, SIGNIFICANCE, AND EFFECT IT HAS ON YOUR MIND.

SOME OF YOU HAVE HEARD OF PROOF BEYOND A REASONABLE DOUBT, WHICH IS THE PROPER STANDARD OF PROOF IN A CRIMINAL TRIAL. THAT REQUIREMENT DOES NOT APPLY TO A CIVIL CASE SUCH AS THIS AND YOU SHOULD PUT IT OUT OF YOUR MIND.

HAVING SET FORTH SOME OF THE GENERAL PRINCIPLES OF LAW APPLICABLE TO THIS CASE, LET ME NOW TURN TO SOME OF THE SPECIFIC LAW APPLICABLE TO THIS CASE.

### **POLICE OFFICER AS A PARTY**

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY. THE FACT THAT ONE OR MORE DEFENDANT IS A POLICE OFFICER ENTITLES HIM TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY OTHER PARTY TO THIS LITIGATION. BY THE SAME TOKEN HE IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES STAND AS EQUALS AT THE BAR OF JUSTICE.

**PLAINTIFF'S CLAIMS**

**THE STATUTE**

THE LAW TO BE APPLIED IN THIS CASE IS THE FEDERAL CIVIL RIGHTS LAW, WHICH PROVIDES A REMEDY FOR INDIVIDUALS WHO HAVE BEEN DEPRIVED OF THEIR CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.

SECTION 1983 OF TITLE 42 OF THE UNITED STATES CODE STATES:

"EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY STATE OR TERRITORY OR THE DISTRICT OF COLUMBIA, SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS."

SECTION 1983 CREATES A FEDERAL REMEDY FOR PERSONS WHO HAVE BEEN DEPRIVED BY STATE OFFICIALS OF RIGHTS, PRIVILEGES, AND IMMUNITIES

SECURED BY THE UNITED STATES CONSTITUTION AND FEDERAL STATUTES.

**ESSENTIAL ELEMENTS OF A SECTION 1983 CLAIM**

TO ESTABLISH A CLAIM UNDER SECTION 1983, PLAINTIFF MUST ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, EACH OF THE FOLLOWING THREE ELEMENTS:

FIRST, THAT THE ACTS COMPLAINED OF WERE COMMITTED BY THE DEFENDANTS ACTING UNDER COLOR OF STATE LAW;

SECOND, THAT IN COMMITTING THESE ACTS, THE DEFENDANTS INTENTIONALLY OR RECKLESSLY DEPRIVED THE PLAINTIFF OF RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES; AND

THIRD, THAT THE DEFENDANTS' ACTS WERE THE PROXIMATE CAUSE OF INJURIES SUSTAINED BY THE PLAINTIFF.

THE PARTIES HAVE STIPULATED THAT DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS SUIT.  THEREFORE,

I SHALL NOW EXPLAIN PROXIMATE CAUSE AND THE DEPRIVATION OF A CONSTITUTIONAL OR STATUTORY RIGHT IN GREATER DETAIL.

## PROXIMATE CAUSE

PLAINTIFF MUST PROVE THAT THE DEFENDANTS' ACTS WERE A PROXIMATE CAUSE OF INJURIES SUSTAINED BY THE PLAINTIFF. AN ACT IS A PROXIMATE CAUSE OF AN INJURY IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THAT INJURY, AND IF THE INJURY WAS A REASONABLY FORESEEABLE CONSEQUENCE OF THE DEFENDANT'S ACT.

## DEPRIVATION OF A RIGHT

THE SECOND ELEMENT OF PLAINTIFF'S CLAIM IS THAT THE DEFENDANTS, IN COMMITTING THE ACTS COMPLAINED OF, INTENTIONALLY OR RECKLESSLY DEPRIVED THE PLAINTIFF OF A FEDERAL RIGHT. IN ORDER FOR THE PLAINTIFF TO ESTABLISH THIS SECOND ELEMENT, HE MUST SHOW THAT THOSE ACTS THAT YOU HAVE FOUND THE DEFENDANTS TOOK CAUSED THE PLAINTIFF TO SUFFER THE LOSS OF A FEDERAL RIGHT; AND, THAT, IN PERFORMING THOSE ACTS,

THE DEFENDANTS ACTED WITH AN INTENT TO DEPRIVE THE PLAINTIFF OF HER RIGHTS OR WITH A RECKLESS DISREGARD OF THOSE RIGHTS.

    HERE, PLAINTIFF ALLEGES THAT DEFENDANTS DEPRIVED HER OF TWO SEPARATE RIGHTS:  HER RIGHT TO BE FREE FROM FALSE ARREST AND HER RIGHT TO A FAIR TRIAL.  THEREFORE, IN EVALUATING THESE TWO INDIVIDUAL CLAIMS, YOU MUST FIND THE ELEMENTS OF A CLAIM UNDER SECTION 1983 ON WHICH I JUST INSTRUCTED YOU.  SPECIFICALLY, PLAINTIFF MUST ESTABLISH FOR EACH OF HER TWO SEPARATE CLAIMS THAT (1) DEFENDANTS INTENTIONALLY OR RECKLESSLY DEPRIVED THE PLAINTIFF OF THE RIGHT AT ISSUE; AND (2) THE DEFENDANTS' ACTS WERE THE PROXIMATE CAUSE OF INJURIES SUSTAINED BY THE PLAINTIFF.

## **FALSE ARREST**

    UNDER THE UNITED STATES CONSTITUTION, NO PERSON MAY BE ARRESTED (THAT IS, DETAINED) WITHOUT PROBABLE CAUSE FOR SUCH AN ARREST. THIS MEANS THAT THE POLICE OFFICERS WHO MADE THE ARREST MUST COLLECTIVELY

HAVE INFORMATION AT THE TIME OF THE ARREST THAT WOULD LEAD A REASONABLE PERSON WHO POSSESSES THE SAME OFFICIAL EXPERTISE AS THE OFFICERS TO CONCLUDE THAT THE PERSON BEING ARRESTED HAS COMMITTED OR IS ABOUT TO COMMIT A CRIME. IN OTHER WORDS, UNDER THE REASONABLE PERSON STANDARD, THE ARRESTING OFFICERS WOULD, IN THE EXERCISE OF REASONABLE JUDGMENT WHETHER TO CONDUCT AN ARREST, TAKE INTO ACCOUNT THAT INFORMATION, OFFICIAL EXPERTISE AND TRAINING, AS WELL AS ANY OTHER RELEVANT PERMISSIBLE CONSIDERATION. IF THE DEFENDANTS HERE LACKED PROBABLE CAUSE TO ARREST PLAINTIFF, THEY WOULD THEREBY DEPRIVE HER OF A FEDERAL RIGHT.

THE BURDEN OF PROOF IS UPON THE DEFENDANT TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THERE WAS PROBABLE CAUSE TO BELIEVE THAT THE PLAINTIFF COMMITTED OR WAS COMMITTING A VIOLATION OF LAW.

**FAIR TRIAL**

IN ORDER TO ESTABLISH THAT PLAINTIFF WAS DENIED A FAIR TRIAL,

THE PLAINTIFF MUST PROVE EACH OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE: (1) DEFENDANTS CREATED FALSE EVIDENCE; (2) DEFENDANTS FORWARDED THAT FALSE EVIDENCE TO THE PROSECUTOR AND/OR THE GRAND JURY; AND (3) PLAINTIFF WAS DEPRIVED OF LIBERTY AS RESULT OF THAT FALSE EVIDENCE.

**VERDICT**

IF YOU FIND IN FAVOR OF PLAINTIFF ON ANY OF HER CLAIMS THAT DEFENDANTS UNLAWFULLY ARRESTED OR MALICIOUSLY PROSECUTED PLAINTIFF OR DEPRIVED PLAINTIFF OF HER RIGHT TO A FAIR TRIAL, YOU SHOULD RETURN A VERDICT FOR PLAINTIFF, AND YOU MAY AWARD DAMAGES FOR ANY SUCH DEPRIVATION OF RIGHTS AS I WILL INSTRUCT YOU.  HOWEVER, IF YOU FIND THAT DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFF OR THAT DEFENDANTS DID NOT PROVIDE THE DISTRICT ATTORNEY WITH FALSE INFORMATION, THERE CAN BE NO VIOLATION OF THE LAW, AND YOU MUST RETURN A VERDICT FOR DEFENDANTS.

## DAMAGES

IF YOU FIND THAT PLAINTIFF HAS PROVEN HER CLAIMS AGAINST DEFENDANTS, YOU MUST DETERMINE THE DAMAGES TO WHICH PLAINTIFF IS ENTITLED.  YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION OF WHETHER YOU SHOULD FIND FOR THE PLAINTIFF.  IT IS YOUR TASK FIRST TO DECIDE WHETHER DEFENDANTS ARE LIABLE.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT DEFENDANTS ARE LIABLE AND THAT PLAINTIFF IS ENTITLED TO RECOVER DAMAGES FROM DEFENDANTS.

## COMPENSATORY DAMAGES

IF THE PLAINTIFF HAS PROVED ALL THE ESSENTIAL ELEMENTS OF HER SECTION 1983 CLAIM, THEN YOU MUST AWARD HER A SUM OF MONEY THAT YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE HER FOR ANY INJURY YOU BELIEVE HE ACTUALLY SUSTAINED AS A PROXIMATE RESULT OF THE DEFENDANT'S

MISCONDUCT.

YOU SHALL AWARD DAMAGES ONLY FOR THOSE INJURIES THAT YOU FIND PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE. MOREOVER, YOU MAY NOT SIMPLY AWARD DAMAGES FOR *ANY* INJURY SUFFERED BY PLAINTIFF--YOU MUST AWARD DAMAGES ONLY FOR THOSE INJURIES THAT ARE A PROXIMATE RESULT OF CONDUCT BY THE DEFENDANTS THAT VIOLATED PLAINTIFF'S FEDERAL RIGHTS UNDER COLOR OF LAW.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE.  COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK.  ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVE THE AMOUNT OF HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCE PERMIT. IN ASSESSING COMPENSATORY DAMAGES, KEEP IN MIND THAT THERE ARE TWO SEPARATE COMPONENTS OF DAMAGES THAT MUST BE ASSESSED. PLAINTIFF IS SEEKING DAMAGES FOR BOTH THE EMOTIONAL DISTRESS CAUSED BY THE

DEFENDANT'S ACTS AND THE LOSS OF LIBERTY RESULTING FROM PLAINTIFF'S ARREST AND DENIAL OF HER RIGHT TO A FAIR TRIAL.  THE LOSS OF LIBERTY CLAIMED BY PLAINTIFF CONSISTS OF THE TIME SHE SPENT IN POLICE CUSTODY AS WELL AS THE TIMES SHE WAS REQUIRED TO APPEAR IN COURT IN CONNECTION WITH THE CHARGES AGAINST HER.  WHILE BOTH EMOTIONAL DAMAGES AND LOSS OF LIBERTY DAMAGES ARE BOTH COMPONENTS OF COMPENSATORY DAMAGES, THEY ARE TO BE ASSESSED SEPARATE AND DISTINCT FROM ONE ANOTHER. THEREFORE, IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU MUST ASSESS A VALUE THAT YOU DETERMINE TO BE REASONABLE COMPENSATION FOR BOTH THE EMOTIONAL DAMAGES SUFFERED AS WELL AS THE LOSS OF LIBERTY SUFFERED.

COMPENSATORY DAMAGES MUST NOT BE BASED ON SPECULATION OR SYMPATHY. THEY MUST BE BASED ON THE EVIDENCE PRESENTED AT TRIAL.

### **PUNITIVE DAMAGES**

MS. CLARKE HAS REQUESTED THAT THE JURY CONSIDER PUNITIVE DAMAGES AGAINST DEFENDANTS.  MS. CLARKE, HOWEVER, IS NOT ENTITLED TO PUNITIVE

DAMAGES AS A MATTER OF RIGHT.  WHETHER OR NOT YOU AWARD THE PLAINTIFF ACTUAL DAMAGES, YOU MAY ALSO, IN YOUR DISCRETION, MAKE AN AWARD OF PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE AWARDED, IN THE DISCRETION OF THE JURY, TO PUNISH DEFENDANTS FOR EXTREME OR OUTRAGEOUS CONDUCT, AND TO DETER OR PREVENT DEFENDANTS AND OTHERS LIKE THEM FROM COMMITTING SUCH CONDUCT IN THE FUTURE.

YOU MAY AWARD THE PLAINTIFF PUNITIVE DAMAGES IF YOU FIND THAT THE ACTS OR OMISSIONS OF THE DEFENDANTS WERE DONE MALICIOUSLY OR WANTONLY. AN ACT OR FAILURE TO ACT IS MALICIOUSLY DONE IF IT IS PROMPTED BY ILL WILL OR SPITE TOWARDS THE INJURED PERSON. AN ACT OR FAILURE TO ACT IS WANTON IF DONE WITH A RECKLESS OR CALLOUS DISREGARD FOR THE RIGHTS OF THE INJURED PERSON. THE PLAINTIFF HAS THE BURDEN OF PROVING, BY A PREPONDERANCE OF THE EVIDENCE, THAT DEFENDANTS ACTED MALICIOUSLY OR WANTONLY WITH REGARD TO THE PLAINTIFF'S RIGHTS.

IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS ACTED WITH MALICIOUS INTENT TO VIOLATE THE PLAINTIFF'S FEDERAL RIGHTS

OR UNLAWFULLY INJURE HER, OR IF YOU FIND THAT DEFENDANTS ACTED WITH A CALLOUS OR RECKLESS DISREGARD OF THE PLAINTIFF'S RIGHTS, THEN YOU MAY AWARD PUNITIVE DAMAGES. AN AWARD OF PUNITIVE DAMAGES, HOWEVER, IS DISCRETIONARY; THAT IS, IF YOU FIND THAT THE LEGAL REQUIREMENTS FOR PUNITIVE DAMAGES ARE SATISFIED, THEN YOU MAY DECIDE TO AWARD PUNITIVE DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM.

IN MAKING THIS DECISION, YOU SHOULD CONSIDER THE UNDERLYING PURPOSE OF PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE AWARDED IN THE JURY'S DISCRETION TO PUNISH DEFENDANTS FOR OUTRAGEOUS CONDUCT OR TO DETER THEM AND OTHERS LIKE HER FROM PERFORMING SIMILAR CONDUCT IN THE FUTURE. THUS, IN DECIDING WHETHER TO AWARD PUNITIVE DAMAGES, YOU SHOULD CONSIDER WHETHER DEFENDANTS MAY BE ADEQUATELY PUNISHED BY AN AWARD OF ACTUAL DAMAGES ONLY, OR WHETHER THE CONDUCT IS SO EXTREME AND OUTRAGEOUS THAT ACTUAL DAMAGES ARE INADEQUATE TO PUNISH THE WRONGFUL CONDUCT. YOU SHOULD ALSO CONSIDER WHETHER ACTUAL DAMAGES, STANDING ALONE, ARE LIKELY TO DETER OR PREVENT THESE DEFENDANTS FROM SIMILAR

WRONGFUL CONDUCT IN THE FUTURE, IF IT WAS IN FACT WRONGFUL, OR WHETHER PUNITIVE DAMAGES ARE NECESSARY TO PROVIDE DETERRENCE. FINALLY, YOU SHOULD CONSIDER WHETHER PUNITIVE DAMAGES ARE LIKELY TO DETER OR PREVENT OTHER PERSONS FROM PERFORMING WRONGFUL ACTS SIMILAR TO THOSE DEFENDANTS MAY HAVE COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THESE SAME PURPOSES SHOULD BE KEPT IN MIND AS YOU DETERMINE THE APPROPRIATE SUM OF MONEY TO BE AWARDED AS PUNITIVE DAMAGES. THAT IS, IN FIXING THE SUM TO BE AWARDED, YOU SHOULD CONSIDER THE DEGREE TO WHICH EITHER OR BOTH DEFENDANTS SHOULD BE PUNISHED FOR WRONGFUL CONDUCT, AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR ANOTHER WILL DETER DEFENDANTS OR PERSONS LIKE THEM FROM COMMITTING WRONGFUL ACTS IN THE FUTURE.

THE EXTENT TO WHICH A PARTICULAR SUM OF MONEY WILL ADEQUATELY PUNISH A DEFENDANT, AND THE EXTENT TO WHICH A PARTICULAR SUM WILL ADEQUATELY DETER OR PREVENT FUTURE MISCONDUCT, MAY DEPEND UPON THE FINANCIAL RESOURCES OF THE DEFENDANT AGAINST WHICH DAMAGES ARE AWARDED.

THEREFORE, IF YOU FIND THAT PUNITIVE DAMAGES SHOULD BE AWARDED AGAINST THE DEFENDANT, YOU MAY CONSIDER THE FINANCIAL RESOURCES OF THE DEFENDANT IN FIXING THE AMOUNT OF SUCH DAMAGES.

AGAIN, WHETHER TO AWARD MS. CLARKE PUNITIVE DAMAGES, AND THE AMOUNT OF THOSE DAMAGES, ARE WITHIN YOUR DISCRETION.

YOU MAY ASSESS PUNITIVE DAMAGES AGAINST DEFENDANTS OR YOU MAY DECLINE TO IMPOSE PUNITIVE DAMAGES.