UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MONIQUE CLARKE,                          :

                        Plaintiff,       :      10 Civ. 6330 (HBP)

    -against-                            :      OPINION
                                                AND ORDER
DET. JOSEPH CASTRO,                      :

                        Defendant.       :

-----------------------------------X


            PITMAN, United States Magistrate Judge:


I.  Introduction


            By notice of motion dated October 17, 2012 (Docket Item

49), plaintiff Monique Clark and defendant Detective Joseph

Castro jointly move pursuant to Fed.R.Civ.P 60(b)(6) to vacate

the judgment entered after a jury returned a verdict in favor of

Ms. Clarke for $37,000.  The parties have previously consented to

my exercising plenary jurisdiction in the case pursuant to 28

U.S.C. § 636(c).   For the reasons set forth below, the parties'

joint motion to vacate is denied.

II.  Facts


            Plaintiff Monique Clarke commenced this action under 42

U.S.C. § 1983 against Detective Joseph Castro for false arrest

and denial of the right to a fair trial.  The claims arose out of

Ms. Clarke's arrest on July 15, 2009 for criminal possession of a

controlled substance.  A four-day jury trial was held from

September 10 through September 13, 2012.  Relying on the holding

in Devenpeck v. Alford, 543 U.S. 146 (2004), that a Section 1983

false-arrest claim is defeated if there is probable cause to

arrest the plaintiff for any offense, Detective Castro argued

that, in addition to the controlled substance offense with which

Ms. Clarke was charged, he also had probable cause to arrest Ms.

Clarke for endangering the welfare of a child.[1]  This argument

was based on Ms. Clarke's testimony that she had left her two

minor children alone for several hours while she went grocery

shopping.  I instructed the jury accordingly.

The eight-person jury returned a verdict in favor of

Ms. Clarke on the fair trial claim alone and awarded her $37,000

in damages.  The jury, however, did not find Detective Castro

liable for false arrest because it found that there was probable

cause to arrest Ms. Clarke for endangering the welfare of child,

---

[1]Following Devenpeck, the Court of Appeals for the Second
Circuit has concluded "that a claim for false arrest turns only
on whether probable cause existed to arrest a defendant, and that
it is not relevant whether probable cause existed with respect to
each individual charge, or, indeed, any charge actually invoked
by the arresting officer at the time of the arrest."  Jaegly v.
Couch, 439 F.3d 149, 154 (2d Cir. 2006).

though not for criminal possession of a controlled substance.

Judgment was entered on September 14, 2012.[2]  The amount of

attorneys' fees to be awarded to Ms. Clarke's counsel has not yet

been resolved.

          After judgment was entered, the parties reached a

settlement agreement under which Ms. Clarke would receive the

verdict amount -- $37,000 -- and plaintiff's counsel would accept

a reduced fee.  This agreement, however, is contingent upon

vacatur of the judgment.  The parties submitted a letter applica-

tion, later renewed as a formal motion on October 17, 2012, to

vacate the judgment.  Plaintiff's counsel filed a memorandum of

law in support of that motion (Docket Item 50) and defendant's

counsel submitted a supplemental letter by fax dated October 23,

2012.  I heard oral argument on December 7, 2012 and reserved

decision.

III.  Analysis

    A.  Applicable Law

          Rule 60(b) of the Federal Rules of Civil Procedure

provides:

---

    [2]The jury returned its verdict through a verdict sheet and,
therefore, the precise nature of its findings is ascertainable.

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment,
> order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud
> (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; (5) the judgment has been
> satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  "A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court."  In re Dubrowsky, 268 B.R. 6, 7 (E.D.N.Y. 2001), citing Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986); see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994) ("A district court's decision on a Rule 60 motion is reviewed for abuse of discretion.").  The moving party bears the burden of demonstrating "'equitable entitlement to the extraordinary remedy of vacatur.'"  Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir. 2001), quoting U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994).

Here, subsections 1 through 5 of Rule 60(b) are plainly inapplicable, and, therefore, the parties are entitled to relief only if Rule 60(b)(6)'s standards are met.  The Supreme Court has held that "exceptional circumstances" must exist to justify

4

vacatur of a judgment pursuant to Rule 60(b)(6).  U.S. Bancorp

Mortg. Co. v. Bonner Mall P'ship, supra, 513 U.S. at 29; see also

ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d

Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules

60(b)(1) through (5) do not apply, and if extraordinary circum-

stances are present or the failure to grant relief would work an

extreme hardship."); Nemaizer v. Baker, supra, 793 F.2d at 61.

The Court in U.S. Bancorp reasoned that "[j]udicial precedents

are presumptively correct and valuable to the legal community as

a whole.  They are not merely the property of private litigants

and should stand unless a court concludes that the public inter-

est would be served by a vacatur."  U.S. Bancorp Mortg. Co. v.

Bonner Mall P'Ship, supra, 513 U.S. at 26-27 (internal quotation

omitted); see also Nemaizer v. Baker, supra, 793 F.2d at 61

("Properly applied Rule 60(b) strikes a balance between serving

the ends of justice and preserving the finality of judgments.").

In determining whether to grant a motion under Rule 60(b)(6),

"the court must weigh the settlement interests of the parties

against the public interest in finality of judgments, including

any precedential or preclusive effect."  Aetna Cas. & Sur. Co. v.

Home Ins. Co., 882 F. Supp. 1355, 1357 (S.D.N.Y. 1995) (Newman,

D.J.).

"'[E]xceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur.'" Microsoft Corp. v. Bristol Tech., Inc., supra, 250 F.3d at 154, quoting U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, supra, 513 U.S. at 29; see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 113-14 (2d Cir. 2008) ("We therefore conclude . . . that a settlement agreement which is contingent on the vacatur of prior district court judgment is held to be invalid in nearly all circumstances by the Supreme Court in U.S. Bancorp." (internal quotations and alterations omitted)); Khouzam v. Ashcroft, 361 F.3d 161, 167 (2d Cir. 2004) ("In the context of appeals from a district court judgment, even where a settlement causes mootness, vacatur of the district court judgment may be granted only in 'exceptional circumstances,' and not simply because it is pro-vided for in the settlement agreement.").

    B.  Application of
       the Law to the Facts

The parties contend that exceptional circumstances are present here.  First, they claim that because the judgment resulted from a jury verdict it has minimal precedential value, and, therefore, the public interest implicated by vacatur is relatively small.  Second, vacatur, according to the parties,

6

will avoid the need for litigation concering attorneys' fees and

potential appellate litigation.  Third, the parties contend that

settlement is in the private interests of Ms. Clarke and Detec-

tive Castro.  Finally, they claim that it is significant that the

parties are jointly seeking vacatur and that it is a necessary

condition of their proposed settlement.  I conclude that the

parties have not demonstrated exceptional circumstances and that

vacatur is, therefore, not appropriate.

        The parties' conception of the public interests impli-

cated by vacatur is too narrowly drawn.  I agree that the jury

verdict has limited precedential value because it only decided

the particular facts of this action.  Nonetheless, the fact that

a judgment is not premised upon a legal opinion does not strip it

of its social value.  See ATSI Commc'ns, Inc. v. Shaar Fund,

Ltd., supra, 547 F.3d at 114 ("Nor is there anything in U.S.

Bancorp to suggest that, at the request of the parties, we are

supposed to examine a district court decision and vacate it when

we do not think it to be of particular importance.").  Indeed, a

judgment, entered on the basis of a jury verdict, reaffirms the

Constitutionally-recognized social value of trial by jury in

civil actions.  See U.S. Const. amend. VII.[3]  Granting the motion

---

[3]Deprivation of the "Benefits of Trial by Jury" was also
                                              (continued...)

to vacate would unjustly trivialize the time, attention and

effort expended by the eight citizens who served as jurors in

this case.  The product of their deliberations would, officially,

be wiped away, and the members of the jury might justifiably ask

themselves "Why did I bother to serve?" or "Why should I bother

to serve the next time I'm called when my decision was discarded

in Ms. Clarke's case?"  Vacatur would essentially cast the jury

as a "shadow jury" responsible only for issuing a de facto

advisory opinion on an appropriate settlement figure.  Moreover,

like judicial determinations, jury verdicts and the judgments

entered upon them are not the private property of the litigants.

See U.S. Bancorp Co. v. Bonner Mall P'ship, supra, 513 U.S. at

26.  Given the central role juries play in our common law system

of justice[4] and in ensuring that our government really is a

government "by the people,"[5] I am loathe to take any action that

---

[3](...continued)
identified as an element of the "long Train of Abuses and
Usurpations" giving rise to the Declaration of Independence.  The
Declaration of Independence paras. 2, 20 (U.S. 1776)

[4]See Michael Hatfield, The Anabaptist Conscience and
Religious Exemption to Jury Service, 65 N.Y.U. Ann. Surv. Am. L.
269, 272-73 (2009).

[5]See Hon. Jack B. Weinstein, The Role of Judges in a
Government of, by, and for the People: Notes for the Fifty-Eighth
Cardozo Lecture, 30 Cardozo L. Rev. 1, 116-17 (2008).

depreciates the verdict reached by eight honest and conscientious citizens in this case.

The parties' argument that settlement and vacatur will avoid further litigation is unpersuasive because there is little likelihood of future litigation.  Although it has been noted that "[t]he courts have undeniably been more flexible where vacatur would bring an end to the tortured history of litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal," Barry v. Atkinson, 193 F.R.D. 197, 200 (S.D.N.Y. 2000) (Leisure, D.J.), the litigation here is at its end for all material purposes.  I do not believe either side has an incentive or reason to appeal.  Ms. Clarke's verdict is entirely appropriate given the nature of the injury she suffered; there is little likelihood that she would do better at a retrial, and, of course, there is a risk that she might do worse.  Thus, she has little incentive to appeal.  With respect to Detective Castro, virtually every pre-trial evidentiary ruling went in his favor and he was permitted to proceed on a theory at trial that had never been asserted in any pre-trial proceeding. I am hard-pressed to find any potentially erroneous ruling in the record that was adverse to Detective Castro.  Accordingly, I believe the likelihood of an appeal is small.

The parties' reliance on <u>American Home Assurance Co. v.</u>
<u>Kuehne & Nagel (AG & Co.)</u>, 06 Civ. 6389 (JLC), 2010 WL 1946718
(S.D.N.Y. May 7, 2010) (Cott, M.J.), is unavailing.  Although the
Honorable James L. Cott, United States Magistrate Judge, rea-
soned, in part, that vacatur was appropriate because it "would
avoid the expenditure of scarce judicial resources, both in the
Court of Appeals, and potentially in this Court were the Opinion
[granting defendant's motion to dismiss] reversed and remanded,"
<u>American Home Assurance Co. v. Kuehne & Nagel (AG & Co.)</u>, <u>supra</u>,
2010 WL 1946718 at *2, these competing concerns are simply not
present here.  As explained in the preceding paragraph, the
threat of future litigation and the concomitant expenditure of
judicial resources is, at best, remote.  The only litigation that
remains in the absence of settlement is associated with plain-
tiff's attorneys' fees.  That motion practice, however, would be
straightforward and would not unduly burden the resources of
either the court or the parties.

Moreover, the expenditure of judicial resources is not
just a prospective concern.  <u>See</u> <u>Aetna Cas. & Sur. Co. v. Home</u>
<u>Ins. Co.</u>, <u>supra</u>, 882 F. Supp. at 1358 ("[A]lthough [the defen-
dant] urges that vacatur would conserve judicial resources by
avoiding further litigation on appeal, that argument ignores the
considerable judicial resources that have already been expended

in litigating the issues in this case, which resources would be expended for nought if vacatur were ordered.").  This action has already involved a significant use of the judiciary's limited resources and time.  Prior to trial, the parties briefed various motions in limine (Docket Items 26-30).  I heard oral argument on these motions and issued an oral order (Docket Item 35).  I also considered plaintiff's motion for reconsideration (Docket Item 37) and issued an opinion on an additional issue related to the motions in limine shortly before trial commenced (Docket Item 42).  The four-day trial itself required my undivided attention and took precedence over other matters pending on my docket. Jury fees for the four-day trial amounted to approximately $400. My staff and I also spent substantial time preparing the jury charge and verdict sheet.  Vacatur of the judgment would render the foregoing efforts wasted and undermine the public's interest in the productive use of a court's time and resources.

         In addition to the public interests weighing against vacatur, the parties' private interests are not compelling and do not amount to exceptional circumstances.  With respect to Detective Castro, the parties, at oral argument, claimed that he has an interest in having the judgment vacated because of its potentially adverse impact on his credit history.  However, they failed to provide any factual basis to support this suggestion.

Such a speculative assumption is insufficient to show exceptional
circumstances.  Moreover, this consequence -- an adverse entry on
a credit report --  applies to every judgment debtor.  With
respect to Ms. Clarke, the parties have identified two interests:
(1) the potential negative impact flowing from the jury's finding
that there was probable cause to arrest her for endangering the
welfare of a child and (2) the fact that her indigency would
prevent her from either pursuing or opposing any appeal with the
assistance of counsel.[6]  Even if I were to vacate the judgment,
such relief would not and could not change the fact that Ms.
Clarke was arrested.  Further, an arrest is not proof of the
offense itself; the fact that the jury found that there was
probable cause to arrest Ms. Clarke for endangering the welfare
of a child is not proof of guilt.  To the contrary, she was never
even charged with the offense.  Second, as explained above, it is
unlikely that either Detective Castro or Ms. Clarke will pursue
an appeal, and, therefore, the risks posed by Ms. Clarke's
indigency are not likely to come to fruition.  Finally, if an
appeal were taken, Ms. Clarke's unrepresented status would not
necessarily foreclose her success.  For the reasons described

---

[6]At oral argument, Ms. Clarke's counsel represented that the
terms of its retainer agreement with Ms. Clarke did not extend to
any appeals.

above, Detective Castro does not appear to have any viable

appellate issue, and the Court of Appeals does not grant rever-

sals on default.  Reid v. City of New York, 212 F. App'x 10, 11

(2d Cir. 2006).

          Moreover, the parties' private interests are neither

unforeseen nor exceptional.  Any party who decides to proceed to

trial faces certain risks.  A defendant, like Detective Castro,

faces the risk of an adverse judgment being entered against him.

A plaintiff bringing a false arrest claim, like Ms. Clarke, faces

the risk that a jury will find that probable cause existed to

arrest plaintiff for some crime.  The fact that these unfavorable

consequences came to pass does not, without more, constitute

exceptional circumstances.  Chiulli v. I.R.S., 03 Civ. 6670

(HBP), 2006 WL 3008084 at *3 (S.D.N.Y. Oct. 20, 2006) (Pitman,

M.J.).

          Next, the parties contend that vacatur is "critical" to

settlement.  This argument, however, overlooks the fact that the

settlement agreement in of itself is far from critical.  The

settlement does not arise out of the same sort of circumstances

found to be exceptional in Major League Baseball, where, in the

absence of settlement and vacatur in a trademark infringement

case, the allegedly infringing party faced the financially

ruinous need to post a bond on appeal and the holder of the marks

risked the consequences that would flow from a District Court

decision that it was unlikely to prevail in its trademark action.

Major League Baseball Props., Inc. v. Pacific Trading Cards,

Inc., supra, 150 F.3d at 152.  Nor is this case analogous to

Microsoft, where the court found exceptional circumstances

because the district court's power to make factual findings as to

punitive damages was "subject to doubt" and the opinion was of

limited precedential value as it addressed an issue of state law.

Microsoft Corp. v. Bristol Tech., Inc., supra, 250 F.3d at 155.

      Here, the settlement does not ameliorate any unique

concerns of the parties or avoid the need to resolve unsettled

legal issues.  Rather, the agreement merely memorializes what has

already been resolved by the jury verdict and judgment -- the

settlement is for the exact amount of the verdict.  As a

prevailing party, Ms. Clarke is entitled to attorneys' fees

pursuant to 42 U.S.C. § 1988 irrespective of whether a settlement

agreement provides for them.  Given that the ultimate outcome is

virtually the same with or without the settlement, it is ques-

tionable that the settlement has any incremental value to anyone.

See generally Barry v. Atkinson, supra, 193 F.R.D. at 200 ("While

the Court certainly encourages the parties' post-trial collabora-

tion in giving effect to the Court's judgment, there is no longer

a judicial interest in 'settling' this case, as each of plain-

tiffs' claims has already been decided by the Court at substan-

tial public cost.").

        Finally, the parties' contention that courts routinely

grant vacatur when the parties agree, without more, does not

justify relief.  In the cases cited in support of this proposi-

tion, it was more than just the parties' consensus that weighed

in favor of vacatur.  See Chamberlain v. Aberdeen Asset Mgmt.

Ltd., 02 Civ. 5870 (SJ), 2005 WL 1378757 at *1 (E.D.N.Y. Apr. 12,

2005) (vacatur allowed parties to proceed to settlement and

avoided appellate litigation that would have resulted in the

absence of settlement); BMC, LLC v. Verlan Fire Ins. Co., 04 Civ.

105 (RJA), 2008 WL 2858737 at *2 (W.D.N.Y. July 22, 2008) (grant-

ing motion to vacate non-dispositive sanctions order to facili-

tate settlement in case where future litigation was certain and

noting the case "already has a long and tortured history and

continues to be actively litigated"); Vladmir v. United States

Banknote Corp., 976 F. Supp. 266, 267 (S.D.N.Y. Sept. 30, 1997)

(Cedarbaum, D.J.) (granting motion to vacate jury verdict in

favor of plaintiff but also specifically noting that the court

was "not prepared to reject defendant's arguments on the suffi-

ciency of the evidence with respect to the jury verdict," thus

implying that future litigation was likely); Zomber v. Stolz, 09

Civ. 4637 (E.D.N.Y. (ETB) May 3, 2012) (summary order granting

vacatur of jury verdict; order provides no pertinent facts
related to terms of settlement or case).[7]  In contrast, here, it
appears that the parties seek vacatur for no discernible reason
other than their agreement.  This falls far short of the required
showing of exceptional circumstances.  See, e.g., Young v. Cooper
Cameron Corp., 04 Civ. 5968 (LTS)(GWG), 2008 WL 1748462 at *6
(S.D.N.Y. Apr. 15, 2008) (Gorenstein, M.J.) (Report & Recommenda-
tion) (finding no exceptional circumstances where parties merely
contended that settlement was "important"); Mattel v. Goldberger
Doll Mfg. Co., 236 F.R.D. 175, 177 (S.D.N.Y. 2006) (Rakoff, D.J.)
(finding no exceptional circumstances in the fact that the
proposed vacatur was part of a characteristic settlement).

        Neither the private interests nor the public interests
identified by the parties constitute exceptional circumstances.
Vacatur, therefore, is not warranted.

---

[7]At oral argument, Ms. Clarke's counsel explained that the
plaintiff in Zomber had agreed to accept an amount lower than the
verdict.  This fact also distinguishes Zomber from the instant
case.

IV.  Conclusion

For the reasons stated above, the parties' joint motion

to vacate the judgment (Docket Item 49) is denied.

Dated:  New York, New York
        February 26, 2013

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Joshua P. Fitch, Esq.
Cohen & Fitch LLP
225 Broadway
Suite 2700
New York, New York  10007

Robert W. Georges, Esq.
Clyde & Co. US LLP
405 Lexington Avenue
New York, New York  10174

Alexandra Corsi, Esq.
Philip S. Frank, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007